IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
IN OPEN COURT
APR - 6 2012
U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TECH SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:12-CV-374 (GBL/JFA) |
| | ) |
| LOVELEN PYLES, et al., | ) |
| | ) |
| Defendants. | ) |

## TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on Plaintiff Tech Systems Inc.'s ("Tech Systems") Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction. Plaintiff Tech Systems seeks a temporary restraining order ("TRO") *ex parte* against Defendant Lovelen Pyles without notice to Defendant.

There are two issues before the Court: (1) whether Plaintiff has made a sufficient showing of entitlement to temporary injunctive relief; and (2) whether the Court should grant injunctive relief without notice to Defendant. The Court finds that Plaintiff is entitled to a temporary restraining order without notice to Defendant Pyles.

Rule 65(1) of the Federal Rules of Civil Procedure permits the Court to

issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

1

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court makes the following factual findings:

1. Defendant Pyles is the former human resources manager for Plaintiff Tech Systems and, in that capacity, had access to a variety of private and confidential information about employees of Plaintiff, including information concerning medical issues, insurance, compensation, personnel discipline, and other matters.

2. Defendant Pyles was bound by a confidentiality agreement with Plaintiff that required her to maintain confidentiality with respect to employees' personal and work-related information.

3. Through investigation and the experience of Plaintiff's employees, Plaintiff has determined that, before and after her termination from employment, Defendant Pyles committed various acts, including having computer servers disconnected from Plaintiff's headquarters, leaving voicemail messages that disabled Plaintiff's voicemail system, contacting individual employees with threats, contacting customers of Plaintiff with information that could jeopardize customer relations, and posting private and confidential information about individual employees on the Internet.

These facts are supported by documentary evidence, declarations from the Plaintiff's attorney and President, and testimony from Plaintiff's general counsel.

First, Plaintiff has demonstrated likelihood of success on their claims brought under the Computer Fraud and Abuse Act, specifically 18 U.S.C. § 1030(a)(5), which prohibits:

(A) "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
(B) intentionally access[ing] a protected computer without authorization, and as a result of such conduct, recklessly causes damage; [and]
(C) intentionally access[ing] a protected computer without authorization, and as a result of such conduct, causes damage and loss.

The facts presented by Plaintiff set forth a prima facie case that Defendant Pyles has intentionally damaged Plaintiff's protected computer system through transmission of information or commands, or caused damage by intentionally accessing Plaintiff's computer without authorization.

Additionally, Plaintiff has shown likelihood of success on the merits of its breach of fiduciary duty claim. "A fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *H-B Ltd. P'ship v. Wimmer*, 220 Va. 176, 179 (1979). The facts presented by Plaintiff set forth a prima facie case of Defendant Pyles's breach of the "special confidence" reposed in her by Plaintiff.

Thus, Plaintiff has demonstrated the requisite likelihood of success on the merits.

Second, Plaintiff has demonstrated that it has and, in the absence of injunctive relief, will continue to suffer irreparable harm in the form of harm to its reputation and the disclosure of private and confidential information about its employees.

Third, Plaintiff has demonstrated that the balance of equities tips in its favor. As stated above, in the absence of injunctive relief, Plaintiff will continue to suffer irreparable harm. However, Defendant will only be enjoined from conduct that is already prohibited by law.

Fourth, the public interest favors injunctive relief in this case because the public interest favors the protection of confidential business, medical, and personal information.

Further, the Court finds these facts sufficient to support temporary injunctive relief without notice to Defendant Pyles because there are sufficient grounds for concern that further irreparable harm will be done to Plaintiff and its employees upon notice of this proceeding to Defendant Pyles. The evidence presented to the Court demonstrates Defendant Pyles's increasingly erratic and aggressive behavior during the time surrounding her termination on April 2, 2012. The Court finds that concerns that notice of this proceeding would exacerbate this erratic and aggressive behavior are well-founded. Plaintiff's employees' fears for their personal safety, the safety of family members, and the confidentiality of their personal information are legitimate in light of the threatening contacts Defendant Pyles has recently made to various employees and comments made about employee's personal information and family members.

These threatening communications have escalated as Plaintiffs took steps to curtail Defendant Pyles's behavior, including an email sent to Defendant Pyles directing her to cease and desist her behavior. For instance, Plaintiff's general counsel, Anne Rohall, submitted an email to the Court sent to her by Defendant Pyles that contained vulgar and threatening language. Ms. Rohall also testified that Defendant Pyles sent a voicemail message to the Plaintiff's President specifically threatening to assert fraud claims against Ms. Rohall in an attempt to remove medical benefits needed for the care of Ms. Rohall's child, which Defendant Pyles became aware of in her capacity as a human resources manager. Additionally, Defendant Pyles posted personal information about a specific employee on Facebook, which was gained during a confidential counseling session in which Defendant Pyles had participated in her capacity as a human resources manager. Evidence presented to the Court also suggests that Defendant Pyles's conduct, including the posting information online and other breaches of confidentiality, has

jeopardized ongoing negotiations between Plaintiff and its employees' union as well as relations between Plaintiff and its customers, which include the military.

For these reasons, and the reasons stated in open Court on April 6, 2012, it is hereby

ORDERED that Plaintiff is directed to provide immediate notice of this civil action and this Court's Order to Defendant Pyles. It is further

ORDERED that Plaintiff is directed to post bond in the amount of one thousand dollars ($1,000). It is further

ORDERED that Plaintiff's Ex Parte Motion for a Temporary Restraining Order is GRANTED. It is further

ORDERED that Defendant Lovelen Pyles is enjoined from:

(a) attempting to enter or entering upon Tech Systems' servers, computer systems, and online benefit systems, which contain personal information about every employee;

(b) contacting Tech Systems' employees, vendors, or customers and revealing protected information, as defined below;

(c) utilizing protected information, as defined below, to contact Tech Systems' owners, employees, vendors, or customers except for legitimate business reasons connected with Defendant Pyles's separation from service; and

(d) posting protected information, as defined below, on social media, including Facebook and Twitter, and on the Internet.

"Protected information" is defined as: (i) medical information of employees and their families; (ii) information regarding personnel matters (hiring, firing, etc.); (iii) internal corporate information; and (iv) other confidential (and personally identifiable) information she learned and is now utilizing to contact Tech Systems' employees, vendors, or customers.

It is further

ORDERED that a status hearing is set for Friday, April 13, 2012 at 10 a.m. in Courtroom 601 of the United States Courthouse at 401 Courthouse Square, Alexandria, Virginia 22314.

ENTERED this 6th day of April, 2012.

Alexandria, Virginia

4 / 6 / 12

/s/
Gerald Bruce Lee
United States District Judge